BERTON HYDER, D/B/A HYDER PLUMBING v. JOHN J. DERGANCE AND DOROTHY P. DERGANCE; AND RALPH J. SHERER, D/B/A ARCHITECTURE UNLIMITED, AS AGENT AND INDIVIDUALLY

No. 8429DC1340

(Filed 6 August 1985)

**Rules of Civil Procedure § 15— amendment of right to complaint—30 days to file answer—improper default judgment**

When plaintiff amended his complaint as a matter of right without leave of court, defendants had thirty days from the date of the amendment in which to file an answer even though the amendment was minor and did not itself require a response by defendants. Therefore, the clerk erred in entering default judgment only nine days after plaintiff's complaint was amended. G.S. 1A-1, Rule 15(a).

APPEAL by defendants from *Greenlee, Judge.* Judgment entered 11 November 1984 in District Court, POLK County. Heard in the Court of Appeals 7 June 1985.

*Frank B. Jackson, for defendant appellants, John J. Dergance and Dorothy P. Dergance.*

*McFarland and McFarland, by William A. McFarland, for plaintiff appellee.*

BECTON, Judge.

I

Plaintiff Berton Hyder (Hyder) instituted this action on an account for materials furnished and labor performed in the installation of plumbing in a house constructed by defendant builder, Ralph Sherer (Sherer), for defendant homeowners, John Dergance (Mr. Dergance) and Dorothy Dergance (Mrs. Dergance). The Complaint was filed and summons issued on 26 July 1984. Hyder attempted service of process on the Dergances by mail. On 27 July 1984, Mrs. Dergance accepted copies of the summons and Complaint for both herself and her husband, as evidenced by her signature on the certified mail receipt. Before a responsive pleading was filed, Hyder filed and served an "Amendment to Complaint" on 29 August 1984. The amendment corrected an obvious error, changing the word "defendant" to "plaintiff" at one point in the original Complaint.

On 7 September 1984, upon Hyder's motion, the Clerk of Polk County Superior Court entered default and default judgment against the Dergances. On 22 September 1984 the Dergances filed and served a "Motion, Answer and Cross Action." On 26 September 1984, the Dergances filed and served a motion to set aside the default judgment pursuant to Rule 60 of the North Carolina Rules of Civil Procedure. This motion was heard on 11 November 1984. From the trial court's judgment denying the motion to set aside the default judgment, the Dergances appeal. (The record does not indicate that a default judgment was ever entered against Sherer; he is not involved in this appeal.)

On appeal, the Dergances contend that the court committed reversible error in denying their motion to set aside the default judgment by raising three mutually exclusive issues: (1) that their

Answer was timely filed; (2) that it was improper for the Clerk of Superior Court to enter judgment when it was not for a sum certain or susceptible of calculation; and (3) that the failure of the Dergances to timely file their Answer constituted excusable neglect. We conclude that by filing their Answer within thirty days of Hyder's amended complaint, the Dergances' Answer was timely filed, and it was error to award a default judgment against them. As this resolves the case, we need not consider the Dergances' second and third assignments of error.

## II

Rule 15 of the North Carolina Rules of Civil Procedure governs amendments to pleadings, and the portion pertinent to this case reads as follows:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. . . . A party shall plead in response to an amended pleading within 30 days after service of the amended pleading, unless the court otherwise orders.

N.C. Gen. Stat. Sec. 1A-1, Rule 15(a) (1983).

It is uncontested that the Complaint was amended "as a matter of course" without leave of court. The parties disagree as to whether the Dergances gained additional time to file an answer as a result of this action. The Dergances contend that once Hyder amended his Complaint, Rule 15 gave them 30 days from the date the amendment was filed in which to file their Answer. Hyder, however, maintains that since the amendment to the Complaint *per se* required no response on the part of the Dergances, the last sentence of Rule 15(a) is not applicable.

Neither party cites any case law for their respective contentions, nor have we discovered a North Carolina case on point. We commence our analysis by examining the statute itself. In our opinion, Rule 15(a) is clear—once a party amends a pleading without leave of the court, the opposing party has 30 days in which to respond. The rule simply does not distinguish between minor and major amendments, as Hyder maintains.

Our interpretation receives support from the general principle that an amended complaint has the effect of superseding the

original complaint. *Hughes v. Anchor Enterprises, Inc.*, 245 N.C. 131, 95 S.E. 2d 577 (1956). This principle is also accepted by the federal courts. *See Fritz v. Standard Sec. Life Ins. Co.*, 676 F. 2d 1356 (11th Cir. 1982) (amended pleading remains in effect throughout the action unless subsequently modified).

A comparison of North Carolina's Rule 15(a) with the federal version of that rule further supports our conclusion. The official Comment to North Carolina Rule 15 states that "[t]he last sentence of section (a) involves a departure of obvious import from the federal rule timetable." The last sentence of Federal Rule 15(a) provides:

> A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Plaintiff Hyder's interpretation of the North Carolina rule would require the responding party to respond to the amended pleading "within the time remaining for response to the original pleading" —thus relying on the very language of the federal rule excluded from our own. As the official Comment makes clear, the last sentence of North Carolina's Rule 15(a) was expressly intended to depart from the federal rule.

We now apply our holding to the case at hand. Hyder filed and served his amended complaint on 29 August 1984. The Dergances' Answer was filed on 22 September 1984. Thus, as the Answer was filed within 30 days of the amended complaint, it was timely. Hyder obtained a default judgment on 7 September 1984. Judgment by default is not available until the time to file the appropriate responsive pleading has run. N.C. Rules Civ. Proc., Rule 55(a) (failure to plead as provided by the rules is basis for default). Although the Dergances had not yet answered, 30 days had not yet elapsed since the filing of the amended complaint. The default judgment was therefore void, and it was error as a matter of law for the court to refuse to set it aside. *See Quaker Furniture House, Inc. v. Ball*, 31 N.C. App. 140, 228 S.E. 2d 475 (1976) (default judgment rendered after defendant has served answer by mailing same to plaintiff within 30 day period void).

Reversed.

Judges PHILLIPS and EAGLES concur.