LATIMER v. LATIMER

[136 N.C. App. 227 (1999)]

———————

THOMAS E. LATIMER, Plaintiff v. DOROTHY B. LATIMER, Defendant

No. COA99-183

(Filed 21 December 1999)

**Process and Service— acceptance of service—back dated**
        The trial court properly set aside a judgment of divorce entered on 8 December where plaintiff filed the action on 3 November; the acceptance of service carried the date 4 November, creating a prima facie case that defendant accepted service on that date; and defendant presented unequivocal and convincing evidence that she did not sign the acceptance until 15 November and back dated it at the request of plaintiff. The court acted prior to the expiration of 30 days from service and was without jurisdiction to adjudicate the absolute divorce on 8 December.

Appeal by plaintiff from order filed 30 September 1998 by Judge William G. Jones in Mecklenburg County District Court. Heard in the Court of Appeals 16 November 1999. .

LATIMER v. LATIMER

[136 N.C. App. 227 (1999)]

*Edward P. Hausle, P.A., by Edward P. Hausle, for plaintiff-appellant.*

*Glover & Petersen, P.A., by James R. Glover; and Murphy Chapman & Miller, PA, by Ronald L. Chapman, for defendant-appellee.*

GREENE, Judge.

Thomas H. Latimer (Plaintiff) appeals the entry of an order granting Dorothy B. Latimer (Defendant)'s Rule 60(b) motion to set aside a judgment of absolute divorce filed on 8 December 1997.

The relevant facts show Plaintiff filed an action for absolute divorce on 3 November 1997, seeking a divorce from Defendant wife. On 4 November 1997, Plaintiff delivered to Defendant a copy of the complaint, a summons, and a separate document entitled "Acceptance of Service." The "Acceptance of Service" reads as follows:

"I have received copies of the Summons and Complaint in the [3 November 1997 divorce action].

This _____ day of November, 1997.

                                        Dorothy B. Latimer
                                        Defendant"

On 15 November 1997, Defendant delivered the summons and the "Acceptance of Service" to Plaintiff at his home, signed it in his presence, and inserted the date of 4 November 1997. In an affidavit submitted to the trial court, Defendant stated Plaintiff "told me to date the document as of the original date he had given [the documents] to me."

On 8 December 1997, the trial court entered a judgment of absolute divorce, severing the bonds of matrimony existing between Plaintiff and Defendant. On 12 December 1997, Defendant filed a Rule 60 motion to set aside the divorce judgment on the grounds, among others, that it was entered prior to the expiration of 30 days after service and, therefore, was void. On 30 September 1998, the trial court entered its order setting aside the 8 December 1997 divorce on the grounds it "was entered prior to the time permitted by law and the judgment is[, therefore,] void." In support of its order, the trial court found Defendant "entered the notation of acceptance of service and

signed the document on [15 November 1997]." The court concluded "[s]ervice upon the Defendant was obtained on the date of her signing the '[A]cceptance of [S]ervice,' [15 November 1997]."

---

The dispositive issue is whether a defendant may offer evidence to rebut the date of acceptance of summons shown on an "Acceptance of Service."

Rule 4 of the North Carolina Rules of Civil Procedure provides, in pertinent part:

> (j5) *Personal jurisdiction by acceptance of service.*—Any party personally, or through the persons provided in Rule 4(j), may accept service of process by notation of acceptance of service together with the signature of the party accepting service and the date thereof on an original or copy of a summons, and such acceptance shall have the same force and effect as would exist had the process been served by delivery of copy and summons and complaint to the person signing said acceptance.

N.C.G.S. § 1A-1, Rule 4(j5) (Supp. 1998) (emphasis added).

In this case, there is no dispute Defendant accepted service of the summons and divorce complaint. She noted her acceptance with her signature on the "Acceptance of Service." The dispute, instead, concerns the date on which she accepted service. The "Acceptance of Service" indicates she signed it on 4 November 1997. She contends she actually signed the "Acceptance of Service" on 15 November 1997 and back dated it to 4 November, upon the request of Plaintiff.

A return of process, including an acceptance of service, "is strong or at least prima facie evidence of the facts stated therein," however, "it is not conclusive and may be rebutted or impeached" by clear, unequivocal, and convincing evidence. 72 C.J.S. *Process* §§ 85, 88 (1987); *see also Morton v. Insurance Co.*, 250 N.C. 722, 725, 110 S.E.2d 330, 332 (1959) (date summons bears is prima facie evidence of date of its issuance). "[T]he return may be attacked by the oral testimony of the defendant." 72 C.J.S. *Process* § 87.

In this case, 4 November 1997 is the date shown on the "Acceptance of Service," and, thus, a prima facie case is established that Defendant accepted service of the summons and complaint on that date. Defendant, however, presented unequivocal and convincing evidence she did not sign the "Acceptance of Service" until 15 November, and it was back dated at the request of her husband, the

Plaintiff.[1] The trial court entered findings consistent with this evidence and we are bound by those findings. *Wynnewood Corp. v. Soderquist,* 27 N.C. App. 611, 615, 219 S.E.2d 787, 790 (1975). These findings support the conclusion that service occurred on 15 November 1997. N.C.G.S. § 1A-1, Rule 4 (j5) (acceptance of service occurs on date "Acceptance of Service" signed).

Because the service of the summons and complaint did not occur until 15 November 1997, the trial court was without jurisdiction to adjudicate the absolute divorce on 8 December 1997. N.C.G.S. § 1A-1, Rule 12(a)(1) (1990) (defendant has 30 days after service of complaint to file answer); *see Marketing Systems v. Realty Co.,* 277 N.C. 230, 234, 176 S.E.2d 775, 777 (1970) (trial court has no jurisdiction over defendant if not "brought into court in some way sanctioned by law"). Because the trial court did not have jurisdiction to adjudicate the absolute divorce on 8 December 1997, the judgment of absolute divorce was void and subject to being set aside pursuant to Rule 60(b)(4). *Id.* at 233, 176 S.E.2d at 777 (judgment entered without jurisdiction is void); *see Hyder v. Dergance,* 76 N.C. App. 317, 320, 332 S.E.2d 713, 715 (1985) (judgment is void if entered before expiration of time for filing of responsive pleading); N.C.G.S. § 1A-1, Rule 60(b)(4) (1990) (trial court may set aside void judgment). The order of the trial court setting aside the judgment of absolute divorce is affirmed. We have reviewed Plaintiff's other assignments of error and determine them to be unpersuasive.

Affirmed.

Judges WALKER and TIMMONS-GOODSON concur.

---

1. Plaintiff contends in his brief to this Court that there is a dispute concerning the signing of the "Acceptance of Service," but there is no evidence in the record to support that contention. We do note the record makes references to appendices "B and C"; however, these items are not part of the record and, therefore, were not considered.