BERNICE LEO FREEMAN, Plaintiff v. DOROTHY JANIE (sic) FREEMAN, Defendant

No. COA02-222

(Filed 31 December 2002)

**1. Divorce— motion to set aside—timeliness**

Defendant's motion in the cause to set aside a divorce was timely filed where divorce judgment was set aside as null. Void judgments may be attacked at any time.

**2. Divorce— motion to set aside—one party now deceased**

The evidence was sufficient to support an order setting aside a divorce judgment after the death of the husband (the plaintiff)

**FREEMAN v. FREEMAN**

[155 N.C. App. 603 (2002)]

for lack of service on his wife. Although the husband's estate produced evidence from which contrary findings could have been made, the weight, credibility, and convincing force of the evidence is for the trial court.

Appeal by plaintiff from order entered 13 November 2001 by Judge Ernest J. Harviel in Alamance County District Court. Heard in the Court of Appeals 29 October 2002.

*Randall & Hill, by John C. Randall, for plaintiff-appellant.*

*David R. Huffman for defendant-appellee.*

MARTIN, Judge.

Bernice Freeman and defendant Dorothy Freeman were married 4 July 1980. On 10 July 1985, Bernice Freeman instituted this action for divorce, and on 28 August 1985, a judgment of absolute divorce was entered. Bernice Freeman died on 20 April 1998. On 4 April 2000, defendant filed a motion in the cause in this action to set aside the judgment of absolute divorce, and served the motion on the administrator of Bernice Freeman's estate, who was subsequently substituted as party plaintiff. By order dated 13 November 2001, the trial court concluded the judgment of absolute divorce was void and granted defendant's motion to set it aside. Plaintiff administrator appeals.

Evidence presented at the hearing tended to show that the original plaintiff, Bernice Freeman, married defendant, Dorothy Freeman, on 4 July 1980, in Durham County. At the time of their marriage, Mr. Freeman had three children, Darryl Freeman, Glenda Freeman (now) Wilson, and Todd Freeman, and defendant had two children, Floyd and Christopher May. In June 1985, defendant separated from Bernice Freeman and moved, with her sons, out of the marital residence in Durham County to a mobile home in Orange County for the summer of 1985. Defendant testified that during their separation, Bernice Freeman visited her frequently and they had sexual relations and took trips to the beach together. Less than nine months after the summer of 1985, defendant gave birth to their son, Matthew Bernice Freeman.

In July 1985, Bernice Freeman's attorney prepared a complaint for absolute divorce alleging the parties had separated on 5 May 1984. The complaint was verified by Bernice Freeman on 9 July 1985 and

filed with the Alamance County Clerk of Court, and summons issued, on 10 July at 10:26 a.m. An acceptance of service was filed at 10:28 a.m. bearing the date in the attorney's handwriting and the purported signature of defendant. Bernice Freeman's attorney, Robert Steele, testified that although he had no memory of the Freeman divorce, it was the practice of his office at that time to allow the plaintiff in a "friendly" divorce case to take the summons to the defendant for acceptance of service. Defendant never filed an answer to the complaint and did not appear at the divorce hearing. A judgment of absolute divorce based on one year's separation was entered on 28 August 1985.

Defendant subsequently moved back into Bernice Freeman's home in Durham County and Bernice Freeman and defendant resumed and continued life as a married couple until Bernice Freeman's death in 1998. In 1986, Bernice Freeman purchased real property in Orange County which was titled in his name and defendant's as tenants by the entireties. The parties built a residence on the property in 1990, executing a deed of trust. In 1997, they filed paperwork for social security benefits as husband and wife. Upon decedent's death, an unsigned will was found that had been drafted in or about May 1989 and referred to defendant as decedent's wife.

The present motion was apparently occasioned by defendant's sale of the Orange County residence and the discovery thereafter of the 1985 divorce decree. Both the personal representative of Bernice Freeman's estate and the grantee of the property filed suit against defendant regarding the property sale.

The issue is whether the trial court erred in determining that the 1985 divorce judgment is void for lack of service of process. Plaintiff challenges the trial court's order with two arguments that require discussion: (1) that the motion to set aside the divorce was not timely, and (2) that there was insufficient evidence to support the trial court's determination that defendant was not served with the summons and complaint. After careful consideration of the record, we reject both arguments.

**[1]** G.S. § 1A-1, Rule 60(b) provides in pertinent part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . .

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void; . . ., or

(6) Any other reason justifying relief from the operation of the judgment.

*The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .* This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.

N.C. Gen. Stat. § 1A-1, Rule 60(b) (2002) (emphasis added). Plaintiff contends that, because defendant's motion was grounded upon allegations and evidence of Bernice Freeman's intrinsic fraud in lying to the court in 1985 concerning the length of the parties' separation prior to his filing the divorce action, defendant was required by Rule 60(b)(3) to file the motion no later than a year after the judgment was entered.

Although defendant's motion included allegations regarding misrepresentation of the length of the parties' separation in the divorce complaint and related inaccurate findings in the judgment, the motion also contained allegations that defendant had never been served with process. The trial court based its order setting aside the divorce judgment on the determination that the judgment was a "nullity." Rule 60(b)(4) provides relief from judgments that are void, and the statute indicates that a motion under this provision must be made "within a reasonable time." Case law indicates that because a void judgment is a legal nullity, it may be attacked at any time. *See Van Engen v. Que Scientific, Inc.,* 151 N.C. App. 683, 567 S.E.2d 179 (2002). We hold that the motion under Rule 60(b)(4) was timely.

[2] Plaintiff's more substantive argument addresses the sufficiency of the evidence to support the trial court's order. The key issue in this case is whether defendant was properly served with the summons and divorce complaint. "[A] court may only obtain personal jurisdiction over a defendant by the issuance of summons and service of process by one of the statutorily specified methods." *Fender v. Deaton,* 130 N.C. App. 657, 659, 503 S.E.2d 707, 708 (1998), *disc. review denied,* 350 N.C. 94, 527 S.E.2d 666 (1999). The law is well set-

tled that without such jurisdiction, a judgment against defendant is void. *See Thomas v. Thomas*, 43 N.C. App. 638, 645, 260 S.E.2d 163, 168 (1979) (citing *Sink v. Easter*, 284 N.C. 555, 202 S.E.2d 138 (1974)). The record is clear that Bernice Freeman, and the present plaintiff, relied solely upon service pursuant to G.S. § 1A-1, Rule 4(j5) to establish personal jurisdiction. The rule provides:

> (j5) Personal Jurisdiction by Acceptance of Service. Any party personally, or through the persons provided in Rule 4(j), may accept service of process by notation of acceptance of service together with the signature of the party accepting service and the date thereof on an original or copy of a summons, and such acceptance shall have the same force and effect as would exist had the process been served by delivery of copy and summons and complaint to the person signing said acceptance.

N.C. Gen. Stat. § 1A-1, Rule 4(j5) (2002). Where acceptance of service is used, there is a rebuttable presumption that service was proper if the return of process bears the defendant's signature and is dated. *See Latimer v. Latimer*, 136 N.C. App. 227, 522 S.E.2d 801 (1999). In order to overcome this presumption, a defendant must produce clear, unequivocal, and convincing evidence of the alleged defect. *See id.* If supported by such evidence, the findings of the trial court are binding on this Court, although the conclusions of law may be reviewed *de novo. See id.* at 230, 522 S.E.2d at 803.

In *Latimer*, a case involving a motion to set aside a divorce judgment where the acceptance of service was backdated, the Court stated that " '[t]he return may be attacked by the oral testimony of the defendant.' " *Id.* at 229, 522 S.E.2d at 802 (citation omitted). In the instant case, defendant produced not only her own testimony, but also evidence of several circumstances inconsistent with her having signed the return of service. Defendant testified that she had never been to the Alamance County courthouse, where the return of service must have been signed within the two-minute window between the filing of the complaint and the filing of the return of service. Although plaintiff presented a handwriting analysis expert who stated his opinion "based on a reasonable degree of scientific certainty," that the signature on the acceptance of service was defendant's, defendant also presented testimony by another handwriting expert, who stated that he could not with any degree of scientific certainty say that the questioned signature was defendant's. In fact, defendant's expert also testified that the contested signature had some characteristics in

common with Bernice Freeman's signature on the verification accompanying the divorce complaint. Defendant testified that Bernice Freeman had signed her name to documents on other occasions.

In addition, defendant also submitted evidence of other circumstances supporting her claim that she had not been served with the divorce complaint nor known about the divorce. She and others testified that she and decedent continued to live as a married couple after the divorce was entered. They purchased property together, lived together, raised a son together, and decedent applied for social security disability benefits listing defendant as his wife. Though plaintiff produced evidence from which contrary findings could have been made, defendant offered explanations to meet such evidence. The weight, credibility, and convincing force of such evidence is for the trial court, who is in the best position to observe the witnesses and make such determinations. *Upchurch v. Upchurch*, 128 N.C. App. 461, 495 S.E.2d 738, *disc. review denied*, 348 N.C. 291, 501 S.E.2d 925 (1998). The trial court specifically found defendant's evidence to be "clear, unequivocal and convincing" that defendant had not been served with process.

Once a party to a divorce dies, the divorce judgment cannot be later attacked unless it is void. *See Dunevant v. Dunevant*, 142 N.C. App. 169, 175, 542 S.E.2d 242, 246 (2001) ("the trial court may not set aside a valid divorce decree and thereby revive the marital status of a party who is deceased"). " 'A divorce granted without proper service of process upon the defendant is void when [s]he does not appear in the action or does not otherwise waive service of process.' " *Thomas*, 43 N.C. App. at 645, 260 S.E.2d at 168 (citation omitted). In this case, the judgment of divorce was void due to lack of service on defendant. Accordingly, the judgment could be attacked and set aside following Bernice Freeman's death. The order from which plaintiff appeals is affirmed.

Affirmed.

Judges GREENE and BRYANT concur.