## MACHER v. MACHER

[188 N.C. App. 537 (2008)]

OLLIE MAE MACHER, N/K/A OLLIE MAE HARRIS, Plaintiff v.
ABE MORRIS MACHER, Defendant

No. COA07-164

(Filed 5 February 2008)

**Civil Procedure; Divorce— Rule 60 motion for relief from judgment—authenticity of signature on documents—abuse of discretion standard**

The trial court did not abuse its discretion by denying defendant husband's N.C.G.S. § 1A-1, Rule 60(b) motion for relief from a divorce judgment entered 28 October 1998 even though defendant contends the signatures on the answer and summary judgment motion were not his because there was evidence from which the trial court could have concluded that defendant signed the answer, thereby conferring personal jurisdiction upon the court in the divorce proceeding, including that: (1) the notary who created a notorial certificate on defendant's pleading stated that although she had no memory of ever meeting defendant, it was her practice to require the person whose signature she was notarizing to produce identification and to make the signature in front of her; and (2) plaintiff's divorce lawyer testified that defendant contacted him before the divorce judgment was entered and asked what was taking it so long to get done.

Judge CALABRIA dissenting.

Appeal by Defendant from order entered 21 November 2006 by Judge J. Henry Banks in Granville County District Court. Heard in the Court of Appeals 12 September 2007.

*Hopper, Hicks & Wrenn, LLP, by N. Kyle Hicks, for Plaintiff-Appellee.*

*Burton & Ellis, PLLC, by Alyscia G. Ellis, for Defendant-Appellant.*

STEPHENS, Judge.

Abe Morris Macher ("Defendant") appeals from an order denying his motion for Rule 60(b) relief from a divorce judgment entered 28 October 1998. We affirm.

Ollie Mae Macher, n/k/a Ollie Mae Harris, ("Plaintiff") and Defendant were married on 15 July 1993. The parties resided in Maryland until 1996, when Plaintiff moved to North Carolina. The parties separated on 27 May 1997.

At 11:36 a.m. on 28 October 1998, Plaintiff filed a complaint for absolute divorce.[1] Several documents were filed in the action later that afternoon. At 1:52 p.m., an uncaptioned pleading was filed which stated:

> I am Answering 98 CVD 708, a Complaint for Divorce my Wife has filed in Granville County. I am the Defendant. I admit all of the allegations. I acknowledge that I have been served with the Complaint. I am a Medical Doctor in Bethesda, Maryland[,] and have traveled to North Carolina today to expedite my Divorce. I do not wish to retain an attorney in this matter. With the upcoming wedding this weekend, I wholeheartedly consent to the Divorce. I hereby waive any further notice of hearing, and am aware that my wife's attorney will be seeking a Divorce today[,] October 28[,] 1998[,] by way of Summary Judgment, and I consent to that[.]
>
> Sincerely,
>
> /s/ Abe Morris Macher, MD

This pleading (the "answer") also contained a notary's signature and stamp, and the following notarial certificate: "Sworn to and Subscribed before me on this the 28 day of October, 98." At 1:53 p.m., Plaintiff filed a motion for summary judgment, asking the trial court to grant an absolute divorce. The summary judgment motion contained the signature, "Abe Morris Macher, MD[,]" and the same notarial certificate as was contained on the answer. At 2:07 p.m., Plaintiff filed a divorce judgment, signed by the Honorable J. Henry Banks, dissolving the bonds of matrimony between the parties.

On or about 16 February 2006, Defendant was served with a summons to appear in federal court on seven charges of embezzling money from the United States government, his employer. The affidavit in support of the federal criminal complaint alleged that Defendant, knowing that the parties were divorced, had claimed

---

1. The summons included in the record on appeal is not file stamped, but the deputy clerk of court who issued the summons wrote that it was issued "11-28-98" also at 11:36 a.m. In his brief, Defendant states that the summons was filed on 28 October 1998.

Plaintiff as a dependent wife on a federal government housing allowance form each year from 1999 to 2005.

On 28 August 2006, Defendant filed a Rule 60(b) motion for relief from the 1998 divorce judgment on the ground that the judgment was void and should be set aside. In support of the motion, Defendant filed two affidavits: one by Defendant and one by a former wife of Defendant. Both Defendant and the former wife swore that the signatures on the answer and summary judgment motion were not Defendant's signatures.

A hearing on Defendant's Rule 60(b) motion was held 21 November 2006 by Judge Banks. The trial court heard testimony from the notary, Plaintiff's attorney in the divorce proceeding, and Defendant. Additionally, Defendant entered in evidence exhibits which Defendant contended supported his testimony that the signatures on the answer and motion for summary judgment were not his. The former wife's affidavit was not entered in evidence. That day, Judge Banks entered an order denying Defendant's Rule 60(b) motion. From this order, Defendant appeals.

The standard of review of a trial court's denial of a Rule 60(b) motion is abuse of discretion. *Davis v. Davis*, 360 N.C. 518, 631 S.E.2d 114 (2006). A trial court may be reversed for abusing its discretion only upon a showing that its ruling was " 'manifestly unsupported by reason.' " *Id.* at 523, 631 S.E.2d at 118 (quoting *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980)). " 'A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.' " *Id.* (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)).

"Rule 60(b)(4) provides relief from judgments that are void . . . ." *Freeman v. Freeman*, 155 N.C. App. 603, 606, 573 S.E.2d 708, 711 (2002), *disc. review denied*, 357 N.C. 250, 582 S.E.2d 32 (2003); *see also* N.C. Gen. Stat. § 1A-1, Rule 60(b) (2005). A judgment against a defendant is void where the court was without personal jurisdiction. *Freeman*, 155 N.C. 603, 573 S.E.2d 708. "Jurisdiction over the person of a defendant is obtained by service of process upon him, by his voluntary appearance, or consent." *Hale v. Hale*, 73 N.C. App. 639, 641, 327 S.E.2d 252, 253 (1985) (citing *In re Peoples*, 296 N.C. 109, 250 S.E.2d 890 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979)). "The filing of an answer is equivalent to a general appearance, and a general appearance waives all defects and irregulari-

ties in the process and gives the court jurisdiction of the answering party even though there may have been no service of summons." *Harmon v. Harmon*, 245 N.C. 83, 86, 95 S.E.2d 355, 359 (1956) (citations omitted).

The issue before the trial court in this case was whether Defendant signed the answer, thereby conferring personal jurisdiction upon the court in the divorce proceeding. The purported answer is signed "Abe Morris Macher, MD[.]" The notarial certificate on the answer states, "Sworn to and Subscribed before me on this the 28 day of October, 98[,]" and is stamped and signed by a notary. The notary who created the notarial certificate testified that although she had no memory of ever meeting Defendant, it was her practice to require the person whose signature she was notarizing to produce identification and to make the signature in front of her. Plaintiff's lawyer in the divorce action testified that Defendant contacted him before the divorce judgment was entered and asked "what was taking it so long to get done." This evidence tends to support Plaintiff's contention that Defendant signed the answer.

Defendant's attorney advised the trial court that she could not offer the testimony of an expert witness in handwriting analysis because original copies of the answer and summary judgment motion could not be located. Defendant, however, testified that he did not sign the answer and that the signature thereon did not resemble his signature. In support of the latter contention, Defendant entered in evidence copies of the housing allowance forms which he had submitted almost every year between 1982 and 2005 and which contained his signature. Defendant also submitted a copy of a separation agreement signed by the parties in 2005, more than six years after the divorce judgment was entered.[2] Finally, Defendant acknowledged that he was being federally prosecuted for embezzling money from the United States government because he had claimed Plaintiff as his dependent wife in the years following the 1998 divorce judgment.

We agree with the trial court that there are "some obvious serious concerns" in this case. Nevertheless, the evidence conflicted on the issue of whether Defendant signed the answer. "The weight, credibility, and convincing force of such evidence is for the trial court, who is in the best position to observe the witnesses and make such determinations." *Freeman*, 155 N.C. App. at 608, 573 S.E.2d at 712 (citing *Upchurch v. Upchurch*, 128 N.C. App. 461, 495 S.E.2d 738, *disc.*

---

2. Plaintiff signed the separation agreement as "Ollie M. Harris."

*review denied,* 348 N.C. 291, 501 S.E.2d 925 (1998)). Because there was evidence from which the trial court could have concluded that Defendant signed the answer, the trial court's ruling was not manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision. The trial court did not abuse its discretion in resolving the evidentiary conflict in favor of Plaintiff, and its judgment is affirmed.

AFFIRMED.

Judge McCULLOUGH concurs.

Judge CALABRIA dissents in a separate opinion.

CALABRIA, Judge, dissenting.

I respectfully dissent. I conclude that the trial court abused its discretion in denying defendant's Rule 60(b) motion to set aside the judgment. As the majority correctly states, the issue before the court was whether the defendant signed the purported answer, thereby conferring personal jurisdiction upon the court in the divorce proceeding.

In *Freeman v. Freeman,* 155 N.C. App. 603, 607-08, 573 S.E.2d 708, 711-12 (2002), this Court upheld a trial court's grant of a Rule 60(b) motion to set aside a divorce judgment for lack of personal jurisdiction based on defendant's testimony that the purported signature on the return of service was not hers; her testimony that she had never been to the Alamance County Courthouse where the divorce occurred; and, her subsequent actions, which were inconsistent with knowledge of a divorce.

North Carolina Rule of Civil Procedure 60(b)(4) provides: "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) The judgment is void; . . . ." N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) (2007). "Rule 60(b)(4) provides relief from judgments that are void . . . ." *Freeman,* 155 N.C. App. at 606, 573 S.E.2d at 711.

In this case, the trial court heard conflicting evidence on whether the defendant signed the purported answer, waived his notice, and consented to the motion for summary judgment in the presence of a notary public.

## I. Testimony

### A. The Notary Public's Testimony

Defendant's evidence consisted of testimony by the notary public that her standard protocol was to ask for identification before she notarizes a signature, and that she typically does not notarize non-clients' signatures unless they come to the office. However, she did not recall defendant coming to her office.

Plaintiff's evidence also consisted of the notary's testimony. On cross-examination, she testified that she was in her first year of practice as a notary, she took her responsibility very seriously and that she would not notarize a signature unless that person was in front of her.

### B. Wallace Bradsher's Testimony

Wallace Bradsher ("Bradsher") was plaintiff's attorney at the time the complaint was filed and signed the complaint as attorney for plaintiff. He also was plaintiff's co-counsel at the Rule 60(b) hearing. Bradsher testified he did not prepare the purported answer and he did not know who prepared it. Bradsher also testified he directed a staff member to contact defendant about obtaining his consent to the divorce. Bradsher further testified he never met defendant and only spoke with him over the telephone. Bradsher recalled defendant "wanting the divorce" and wondering "what was taking it so long to get done." Bradsher testified that he recalled telling defendant via telephone about the divorce judgment, including the fact that plaintiff planned to be married that weekend and it was his practice to mail divorce judgments to defendants.

### C. Defendant's Testimony

Defendant testified he was not served with the civil summons or complaint and did not discover the divorce until 2005 when his former wife, who was in contact with plaintiff, learned about the divorce. In addition, he did not recall any conversations with Bradsher and he never met the notary public. Defendant testified the signature on the purported answer and the signature purporting to consent to the motion for summary judgment were not his signatures. Defendant illustrated his signature by submitting copies of his dependency forms and an affidavit that he submitted with the Rule 60 motion, also illustrating his signature. Defendant testified that notwithstanding the dependency forms and the affidavit, the only document he signed was a separation agreement on 21 March 2005

("separation agreement"), which was sent to plaintiff for her signature. Plaintiff signed the separation agreement in the presence of a notary on 5 April 2005 in North Carolina.

II. Missing, Incomplete, Incorrect Court Documents

A. Original Documents

Original documents were missing from the Granville County court's file. Neither the original of the purported answer, nor the original of the motion for summary judgment could be located. The majority agrees and the trial court stated there were "some obvious serious concerns" in this case. The court stated its concerns more than one time and was aware of the missing original documents by repeating its concern. "My biggest concern—probably biggest puzzlement is the documents. We don't have the original[s]."

B. Incomplete and Incorrect Civil Summons

The trial court was aware of an irregularity regarding the civil summons, "I don't have any indication in the file at all that the summons[,] the service was actually attached to the complaint." Not only was the summons not attached to the complaint, but it was dated 28 November 1998, more than thirty days from the date the complaint was filed and more importantly, more than thirty days after the divorce judgment was entered. In addition, the name and address of plaintiff's attorney is missing from the section of the civil summons that is designated as the section for completion of the name and address of plaintiff's attorney. This section of the civil summons is typically blank unless the plaintiff is represented by an attorney. Since Bradsher signed the complaint as plaintiff's attorney, the civil summons should have included Bradsher's name and address as plaintiff's attorney. N.C. Gen. Stat. § 1A-1, Rule 4(b) (2007) (the civil summons "shall set forth the name and address of plaintiff's attorney, or if there be none, the name and address of plaintiff.").

C. Certificates of Service

N.C. Rule of Civil Procedure 5(b) requires: "A certificate of service shall accompany every pleading and every paper required to be served on any party or nonparty to the litigation, except with respect to pleadings and papers whose service is governed by Rule 4." N.C. Gen. Stat. § 1A-1, Rule 5(b) (2007). No certificates of service for the motion for summary judgment or the divorce judgment are in the record.

## D. Divorce Judgment and Separation Agreement

The divorce judgment signed by the Honorable J. Henry Banks included language, *inter alia*, that the court reviewed "the Separation and Property Settlement Agreement" that had been signed by both parties. However the separation agreement was not signed by the parties on 28 October 1998, the date that the judgment was signed. The only separation agreement that was offered as an exhibit was signed by the defendant on 21 March 2005 and by the plaintiff on 5 April 2005. More importantly, the plaintiff's signature indicated she was already divorced when she signed the separation agreement because she signed as Ollie M. Harris, not Ollie Mae Macher, the name on the verification attached to the divorce complaint that was filed 28 October 1998.

## III. Conclusion

Neither the plaintiff's attorney, nor the notary public had personal knowledge that defendant came to their office to sign documents waiving his consent for notice of an absolute divorce. This alone would be insufficient not only to determine that the court lacked personal jurisdiction, but also to overcome our abuse of discretion standard of review. However, the nature of the conflicting evidence, the lack of originals of the contested documents, an incomplete and unattached civil summons dated more than thirty days after the divorce judgment was entered, a divorce judgment incorrectly stating the parties signed a separation agreement that was not signed until over six years after the divorce, raise the issue of personal jurisdiction over the defendant.

Although abuse of discretion is rarely invoked, in this case, the trial court abused its discretion in denying defendant's motion for Rule 60 relief. The divorce judgment is void for lack of personal jurisdiction. The order of the trial court should be reversed and remanded.