*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-459

JULY TERM, 2014

| | |
|---|---|
| Alan M. Tsefrekas | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Family Division |
| | } |
| | } |
| Nancy Tsefrekas | } DOCKET NO. F863-11-12 Cndm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

In this pro se appeal from a final divorce judgment, wife contends that the trial court erred in denying her motion to dismiss for improper service.  We affirm.

The record discloses the following material facts.  On November 1, 2012, husband filed a complaint for divorce.  The complaint included a request for temporary custody of the parties' minor children, and an order enjoining wife from interfering with husband's personal liberty.  The trial court record indicates that personal service on wife was completed on November 19, 2012, and an Acceptance of Service was filed that day, indicating that wife accepted service of the summons and complaint and notice of hearing, scheduled for December 7, 2012.  The form is dated November 19, 2012, and signed by wife.

The record further discloses that, on the same date that she accepted service, wife—who had since moved out-of-state—appeared at the court to file a motion for emergency relief seeking the removal of certain livestock from the marital home.  That motion was docketed as a motion in the divorce case, and a hearing was set for December 7, 2012.

On November 26, 2012, the court denied the motion "as to [the] emergency" and rescheduled the noticed hearing to December 10, 2012.  A notice of hearing was sent to wife indicating that the previously scheduled December 7, 2012 hearing had been cancelled, and that a hearing had been set for December 10, 212, on matters pertaining to "Establish[ing] Parental Rights and Resp.," "Establish[ing] Parent-Child Contact," and "Property Division."

On November 28, 2012, husband filed his own emergency motion for relief, asserting that wife had forcibly entered the marital residence to remove personal property.  The docket entries indicate that the court intended to consider the motion on the scheduled hearing date.

On December 6, 2012, wife filed a motion to continue the hearing, stating that she lacked the funds to both fly back to Vermont and obtain an attorney, and that an attorney was necessary to protect both her property interests and her interests as the children's custodian.  Husband's

counsel opposed the motion, which the court denied, ruling that wife could participate by telephone.

At the December 10, 2012 hearing, husband appeared with counsel while wife participated by telephone, representing herself. The court reviewed with wife a proposed temporary order submitted by husband granting wife primary physical and legal parental rights and responsibilities for the parties' minor children, granting husband sole use of the marital home, and providing that husband would safely store wife's property until she could retrieve it. Wife renewed her request for a continuance at the start of the hearing, asserting that husband had been "saving up for a lawyer for five months" while she had been supporting the children. The court noted that it would set a support hearing in the near future, and again denied the motion. During the ensuing proceeding, the court and parties discussed arrangements for wife to pick up her personal belongings, wife restated her concern about the lack of an attorney to protect her "children's interests and my own financial interest," and additional information was adduced about husband's employment and wife's ownership of certain income-producing properties in California. At the conclusion of the hearing, the court reaffirmed wife's temporary custody of the children, and indicated that a support hearing would be set for January.

The court held a child support hearing on January 17, 2013, in which wife again appeared by telephone, issued a temporary support order that day, and scheduled a further support hearing for February 2013. In late January, an attorney entered an appearance for wife, and shortly thereafter filed a motion to dismiss, asserting that wife had not received a copy of the summons and complaint. Wife submitted an affidavit in support of the motion, stating that she had appeared personally at the court on November 19, 2012 to file her emergency motion for relief, had signed the Acceptance of Service provided by the clerk, but had not received the summons and complaint.[*] Husband opposed the motion.

In a written ruling in March 2013, the court denied the motion. The court ruled that, even if the service here was defective, the defect was waived by wife's participation in the hearing on December 10, 2012. See, e.g., Eddins v. O'Neil, 145 Vt. 364, 366 (1985) (reaffirming principle that "all defects of service . . . are cured by a full, unrestricted appearance" (quotation omitted)). Wife's attorney was subsequently granted permission to withdraw, and wife later filed a pro se motion for reconsideration of the court's order denying the motion to dismiss. The court denied the motion. In October 2013, following a contested hearing, the court issued a final judgment of divorce. This pro se appeal followed.

Wife contends that the court erred in finding that her participation in the December hearing was sufficient to constitute a waiver of any defect in service. She asserts that proper service cannot be waived by her participation in the hearing because she had not actually

_____

[*] In her affidavit, wife states that she apparently signed the acceptance of service form in the midst of filing a relief from abuse complaint against husband, and she repeats that argument on appeal. Because the record reflects that wife filed the motion for emergency relief described above on November 19, and did not file a request for relief from abuse until November 26, giving wife the benefit of any doubts, we infer that she meant that she signed the acceptance of service form at the time she filed the non-RFA emergency motion for relief described above. A hearing on wife's November 26 relief from abuse petition, and husband's reciprocal RFA petition against wife, was set for December 6. Neither party appeared, and the trial court dismissed the petition.

received the summons and complaint and did not understand that she was participating in a hearing relating to husband's divorce complaint. She claims that she thought the Acceptance of Service and hearing were solely related to her emergency motion for relief.

The record supports the trial court's ruling. First, wife acknowledged signing the Acceptance of Service, which was strong prima facie evidence that she had been personally served with the summons and complaint at that time, in compliance with the service-of-process rule. See V.R.F.P. 4(b)(2)(B)(iii) (service of process in family court proceeding involving minor children may be effected by personal service); Latimer v. Latimer, 522 S.E.2d 801, 802 (N.C. Ct. App. 1999) (observing that "[a] return of process, including an acceptance of service, is strong or at least prima facie evidence of the facts stated therein" and subject to rebuttal only by clear and unequivocal evidence (quotation omitted)).

Second, as the trial court noted, wife filed a continuance motion prior to the December hearing, which plainly showed that she had received the hearing notice identifying the subject matter of the hearing as relating to parental rights and responsibilities, parent-child contact, and property, all matters plainly related to a divorce proceeding, not merely a motion for emergency relief. In addition, wife's continuance motion itself contained the caption and docket number in the pending divorce action. Further, wife affirmatively raised issues at the hearing concerning her need for an attorney to protect her interests relating to marital property and child custody, indicating an awareness of the divorce action and the nature of the proceeding. We note, as well, that at the later child support hearing in January 2013, wife suggested that she had not been "properly served with process" but did not claim that she had never actually received the summons and complaint. Thus, contrary to wife's claim, the record amply supports the trial court's finding that even if wife did not receive the summons and complaint on November 19, she was fully aware of the nature of the proceeding in which she appeared on December 10. Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

3