IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-267

Filed 19 February 2025

Pender County, No. 2023CVS452

CURTIS HANSLEY and wife, MARJORIE J. HANSLEY, Plaintiffs,

v.

JAMES HANSLEY, JR., ZANETTA GRANT, TERRI DONNELL, JOSEPH POLLOCK, JOHN POLLOCK, CARL HANSLEY, MYRNA HANSLEY, ANDREA HANSLEY, GLENDA HANSLEY, OLIVER HANSLEY, SR., DESIREE HANSLEY, CHARLES MCKOY, GERALDINE POLLOCK, RICHARD T. RODGERS, in his appointed capacity as Commissioner, and HAMPSTEAD INVESTMENTS, LLC, Defendants.

Appeal by Plaintiffs from orders entered 18 May 2023 and 28 July 2023 by Judge G. Frank Jones in Pender County Superior Court. Heard in the Court of Appeals 9 October 2024.

> *Q Byrd Law, by Quintin D. Byrd, Esq., for Plaintiffs-Appellants.*
>
> *Blackburn & Ording, PLLC, by Kenneth Ording, Esq., for Defendants-Appellees.*

COLLINS, Judge.

The dispositive issue on appeal is whether the clerk had jurisdiction to enter an order granting a petition to partition real property. This case is governed by N.C. Gen. Stat. § 1-75.11 and controlled by *Hill v. Hill*, 11 N.C. App. 1 (1971).[1] Because

---

[1] Neither authority was cited by either party to this Court or to the trial court

the clerk failed to require proof of service of the summons and petition upon respondents, who failed to appear in the proceeding, before entering the order, the order was void for lack of personal jurisdiction. Accordingly, the trial court abused its discretion by denying Plaintiffs relief pursuant to Rule 60.

## I.    Background

A special proceeding in 2022 SP 155 was commenced on 30 August 2022 by James Hansley ("James")[2] filing a Petition to Partition Real Property. A Certificate of Service signed by James' attorney on 31 August 2022 certifies that a "copy of the foregoing Petition was served upon the Respondents via USPS Certified first class mail postage paid return receipt requested" and lists all the respondents' names and addresses, including Curtis Hansley and Marjorie J. Hansley ("the Hansleys").[3] The Certificate of Service is file stamped, but the stamp is illegible.

James filed an Amended Petition to Partition Real Property on 9 September 2022. A Certificate of Service signed by James' attorney on that date certifies that a "copy of the foregoing Petition was served upon the Respondents via USPS Certified first class mail postage paid return receipt requested" and lists all the respondents' names and addresses, including the Hansleys.

James also caused an Amended Summons to be issued on 9 September 2022.

---

[2] James Hansley is Petitioner in the special proceeding and Defendant in the present action.
[3] Curtis Hansley and Marjorie J. Hansley are Respondents in the special proceeding and Plaintiffs in the present action.

In the section designated for the names of the respondents is the typed notation, "See Attached List." The second page of the Amended Summons where Return of Service is intended to be noted is blank. The attached list lists the names and addresses of all the respondents, including the Hansleys.

On 9 November 2022, James filed a Notice of Hearing on his Petition to Partition Property for 1 December 2022 before the Pender County Clerk of Court. The Notice of Hearing included a Certificate of Mail signed by James' attorney which certifies that a "copy of the foregoing Notice of Hearing was served upon the Respondents via USPS first class mail requested" and lists the names and addresses of all the respondents, including the Hansleys.

Also on 9 November 2022, the Deputy Assistant Clerk of Superior Court entered an Entry of Default allowing James' Motion of Entry of Default[4] and stating,

> [T]he Court has reviewed the record herein and has determined that the Respondents have been served with summons and complaint and have failed to plead or appear with the time allowed by the Rules of Civil Procedure, or that Respondents are otherwise subject to default judgment as provided by the Rules, and that Petitioner is entitled to Entry of Default against Respondents.

The Petition to Partition Real Property was heard by the Clerk on 1 December 2022. None of the respondents, including the Hansleys, were present. On 14 December 2022, the Clerk entered an Order granting the Petition ("Partition Order"),

---

[4] This document is not included in the Record but is referenced in the Entry of Default.

ordering the subject property partitioned via private sale, and ordering James' costs

and attorney fees be paid out of the sales proceeds.

The Clerk found, in pertinent part:

> 5. All Respondents in this proceeding have been duly served with the Petition to Partition Real property and the amended Petition and the Special Proceeding Summons.
>
> 6. None of the Respondents have answered the Petition and an entry of default was entered on November 9, 2022.

The Clerk appointed Richard Rodgers to sell the Property. The Clerk further ordered

the sales proceeds be divided between the respondents according to their interests.

A Certificate of Mail was signed by James' attorney on 16 December 2022 and

filed with the Court on 19 December 2022 certifying that a "copy of the foregoing

Order[5] was served upon the Respondents via USPS first class mail requested" and

listing the names and addresses of all the respondents, including the Hansleys.

On 27 January 2023, Rodgers filed a Report of Sale stating that, in accordance

with the Partition Order, he had offered the Property at a private sale and had

received a bid from Hampstead Investment Group, LLC ("Hampstead") in the amount

of $230,000. A Certificate of Service signed by Rodgers and filed with the Court on

27 January 2023 states, "This signature below is a certification that on the date

below, the Petitioner(s), by and through its attorney, served upon the below Petitioner

and Respondents a Report of Sale by depositing the same into the custody of the

---

[5] Presumably the Partition Order.

United States Postal Service, postage pre-paid, addressed to:" and lists the names and addresses of all the respondents, including the Hansleys. The Hansleys allege that this was their first notice of the partition proceeding.

On 20 February 2023, copies of United States Postal Service Return Receipts For Certified Mail were filed with the Pender County Clerk of Superior Court. Included with the filing were copies of two Return Receipts addressed to "Curtis & Marjorie Hansley." The first Return Receipt indicates that it was delivered on 2 September 2022. In the section designated to be completed upon delivery, the signature is illegible and the box for "agent" is checked. The second Return Receipt indicates that it was delivered on 15 September 2022. In the section designated to be completed upon delivery, the signature is illegible and the box for addressee is checked.

The bidding on the Property continued until 17 April 2023 when Hampstead entered the winning bid of $489,195. Rodgers filed a Motion for Confirmation of this bid on 20 April 2023. On 1 May 2023, the Clerk entered an Order for Confirmation, ordering Rodgers to deliver a deed to Hampstead.

On 4 May 2023, the Hansleys filed a Complaint for Mandatory Injunctive Relief and Set Aside of Court's Order against James, all other respondents to the special proceeding, Rodgers, and Hampstead. The basis of the Hansleys' complaint was an alleged lack of personal jurisdiction over them for lack of service of the Petition, Amended Petition, or Amended Summons.

James filed a Pre-Answer Motion to Dismiss on 11 May 2023. On 12 May 2023, James filed an Answer and Motion to Dismiss and also filed an Affidavit averring the following:

> 1) that a copy of the summons and complaint in the action entitled James Hansley, Jr. vs Curtis Hansley et al, File # 22SP155, was deposited in the post office for mailing by registered or certified mail, return receipt requested;" (sic)
>
> 2) that it was in fact received as evidenced by the attached registry receipt.
>
> 3) Copy of receipt and green card attached.

This matter was heard on 15 May 2023 in superior court. On 18 May 2023, the trial court denied the Hansleys relief pursuant to Rule 60(b) and dismissed their complaint with prejudice. The Hansleys timely filed a Rule 59 Motion for New Trial, asserting that they had discovered new evidence indicating that they had not been served with the petition and summons. The Rule 59 Motion came on for hearing on 25 July 2023; the trial court dismissed the Motion by order entered 28 July 2023.

On 28 August 2023, the Hansleys filed and served Notice of Appeal from both the 18 May 2023 order and the 28 July 2023 order.

## II.    Discussion

The Hansleys argue solely that the trial court abused its discretion by denying

them relief pursuant to Rule 60(b)[6] because the Partition Order was void for lack of personal jurisdiction.

The standard of review of a trial court's denial of relief pursuant to Rule 60(b) is abuse of discretion. *Harris v. Harris*, 307 N.C. 684, 690 (1983). A trial court abuses its discretion when it makes an error of law. *Da Silva v. WakeMed*, 375 N.C. 1, 5 n.2 (2020).

Our General Statutes allow a court to "relieve a party . . . from a final judgment, order, or proceeding" where "[t]he judgment is void." N.C. Gen. Stat § 1A-1, Rule 60(b)(4) (2023). A judgment is void where the court lacks personal jurisdiction over the defendant. *See Hill*, 11 N.C. App. at 10.

Personal jurisdiction over a defendant may only be obtained in two ways: (1) "the issuance of summons and service of process by one of the statutorily specified methods," *Fender v. Deaton*, 130 N.C. App 657, 659 (1998) (citation omitted), or (2) the defendant's voluntary appearance or consent to the court's jurisdiction. *Grimsley v. Nelson*, 342 N.C. 542, 545 (1996) (citations omitted). "[W]ithout such jurisdiction, a judgment against [a] defendant is void." *Freeman v. Freeman*, 155 N.C. App. 603,

---

[6] Rule 60(b) applies to a final judgment, order, or proceeding entered by the trial court while Rule 60(c) applies to the same entered by the clerk. The Hansleys incorrectly alleged under Rule 60(b), instead of Rule 60(c), that the Partition Order was void for lack of personal jurisdiction over them. Regardless, this Court conducts the same analysis under both Rule 60(b) and (c). *See Flinn v. Laughinghouse*, 68 N.C. App. 476, 478 (1984) ("The procedure for obtaining any relief from a judgment, order, or proceeding shall be by motion as prescribed in these rules or by an independent action. [N.C. Gen. Stat. §] 1A-1, Rule 60(b). Rule 60(c) incidentally establishes the same power in judges with respect to judgments rendered by the clerk.").

606-07 (2002) (citations omitted).

Rule 4 of the North Carolina Rules of Civil Procedure provides the methods of service of a summons and complaint to obtain personal jurisdiction over a defendant. Rule 4(j)(1)(c) permits service by certified mail "[b]y mailing a copy of the summons and of the complaint, . . . return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c) (2023).

"In order for a valid judgment to be entered in an action against a nonappearing defendant, there must be compliance with the provisions of [N.C. Gen. Stat. §] 1A-1, Rule 55, as well as [N.C. Gen. Stat. §] 1-75.11." *Hill,* 11 N.C. App. at 6-7. Pursuant to Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead . . . and that fact is made to appear by affidavit, motion of attorney for the plaintiff, or otherwise, the clerk shall enter his default." N.C. Gen. Stat. § 1A-1, Rule 55(a) (2023). "[E]ntry of default does not require submission of jurisdictional proof." *Silverman v. Tate*, 61 N.C. App. 670, 673 (1983) (citations omitted); *see* N.C. Gen. Stat. § 1A-1, Rule 55(a).

Unlike entry of default, however, "[w]here a defendant fails to appear in the action within apt time the court shall, *before entering a judgment against such defendant*, require proof of service of the summons in the manner required by [N.C. Gen. Stat. §] 1-75.10 . . . ." N.C. Gen. Stat. § 1-75.11 (2023) (emphasis added). Additionally, "[w]here a personal claim is made against the defendant, the court shall require proof by affidavit or other evidence, *to be made and filed*, of the existence of

any fact not shown by verified complaint which is needed to establish grounds for personal jurisdiction over the defendant. . . ." N.C. Gen. Stat. § 1-75.11(1) (emphasis added).

Under N.C. Gen. Stat. § 1-75.10, where service of process is alleged to have been made by registered or certified mail pursuant to Rule 4(j)(1)(c), proof of service shall be by affidavit of the serving party averring:

> a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;
>
> b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and
>
> c. That the genuine receipt or other evidence of delivery is attached.

N.C. Gen. Stat. § 1-75.10(a)(4) (2023).

Here, on James' motion, the Clerk entered default. This complied with Rule 55(a) and did not require jurisdictional proof. However, *before entering judgment*, the Clerk failed to "require proof of service of the summons." N.C. Gen. Stat. § 1-75.11. The Clerk concluded in the Partition Order that it had personal jurisdiction over the parties based on the following finding: "All Respondents in this proceeding have been duly served with the Petition to Partition Real property and the amended Petition and the Special Proceeding Summons." But there is no evidence in the record to

support this finding at the time the Partition Order was entered – such evidence was filed months after the Partition Order was entered.

Approximately two months after the Partition Order was entered, on 20 February 2023, copies of United States Postal Service Return Receipts For Certified Mail were filed with the Clerk. Included with the filing were copies of two Return Receipts addressed to "Curtis & Marjorie Hansley." Approximately five months after the Partition Order was entered, on 12 May 2023, James' attorney filed an affidavit averring that service had been made. As the Clerk failed to "require proof of service of the summons" before entering the Partition Order, the Partition Order was void for lack of personal jurisdiction over the Hansleys. *See* N.C. Gen. Stat. § 1-75.11.

In his answer to the Hansleys' lawsuit and in his appellate brief, James asserts that he was not required to file an affidavit averring proof of service because he did not move for entry of default judgment.[7] This reflects a misapprehension of the law.

It is true that "[b]efore judgment by default may be had on service by registered or certified mail, [or] signature confirmation . . . , the serving party shall file an affidavit with the court showing proof of such service in accordance with the requirements of [section] 1-75.10(a)(4), 1-75.10(a)(5), or 1-75.10(a)(6), as appropriate." N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2) (2023). However, applicable in this case is N.C. Gen. Stat. § 1-75.11, titled "Judgment against nonappearing

---

[7] James' attorney also filed a "Motion to Strike Plaintiffs-Appellants' Reply Brief" with this Court on 12 September 2024. We deny the motion to strike.

defendant, proof of jurisdiction," which requires proof of service of the summons in the manner required by section 1-75.10 before judgment is entered against a nonappearing defendant, even where a plaintiff has not moved for default judgment. N.C. Gen. Stat. § 1-75.11.

James also argues, "[T]he filing of the Affidavit and the green, return-receipt cards was only triggered when [the Hansleys] commenced their lawsuit and challenged the service of summons, then section 1-75.10(a) and 1-75.10(a)(4) of the North Carolina General Statutes make it necessary for the filing of those documents and only because the [Hansleys] challenged the service." This too reflects a misapprehension of the law.

Section 1-75.10 governs proof of service of summons when a defendant appears in an action and challenges proof of service upon him. On the other hand, Section 1-75.11 governs proof of service of summons "[w]here a defendant fails to appear in the action within apt time," N.C. Gen. Stat. § 1-75.11, and a judgment is entered against them. In this case, the Hansleys failed to appear in the partition action. Default was entered by the Clerk and judgment was ultimately entered against them. Contrary to James' argument, the Hansleys' present action was not an appearance in the special proceeding for purposes of challenging jurisdiction.

### III.   Conclusion

Because the Clerk failed to require proof of service of the summons and petition in the manner required by N.C. Gen. Stat. §§ 1-75.10 and 1-75.11 before entering the

Partition Order, the Partition Order is void for lack of personal jurisdiction. Accordingly, the trial court abused its discretion by denying the Hansleys' Rule 60(b) motion. The trial court's order denying the Hansleys relief pursuant to Rule 60(b) is reversed, the Clerk's Partition Order entered 14 December 2022 is vacated, and the matter is remanded to the trial court for remand to the Clerk for further proceedings.[8]

VACATED IN PART; REVERSED AND REMANDED IN PART.

Chief Judge DILLON and Judge CARPENTER concur.

---

[8] We note that N.C. Gen. Stat. § 1-108 provides that title to property acquired by a third party in good faith through a partition sale cannot be affected by a Rule 60 order setting aside the judgment ordering the sale. However, we further note that no party makes any argument under this statute, and there is nothing in the record indicating that title to the property subject to this action ever passed to Hampstead Investments, the high bidder at the partition sale.